UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BALBIR KAPILA,

    Plaintiff,

v.

THE BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK, TRUSTEE
FOR THE CERTIFICATE HOLDERS OF
CWALT, INC., ALTERNATIVE LOAN
TRUST 2005-10CB, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2005-10CB,

    Defendant.
_____/

Case No. 12-12858

Honorable Nancy G. Edmunds

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [4] AND CANCELLING MOTION HEARING SCHEDULED FOR OCTOBER 10, 2012

On March 3, 2005, Plaintiff Balbir Kapila obtained a mortgage loan from nonparty Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender ("Countrywide"). As security for the loan ("Mortgage Loan"), Plaintiff and his wife granted a mortgage ("Mortgage") on property located at 3722 Knightbridge Circle, Sterling Heights, Michigan 48314 ("Mortgaged Property") to nonparty Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Countrywide and its successors and assigns. Later, on May 9, 2011, MERS assigned the Mortgage to Defendant. (Compl., ¶¶ 6-7; Complt., Ex. 1, mortgage and note, Ex. 2, assignment). Plaintiff's complaint, alleging a single quiet title claim, asserts that this assignment was invalid and asks the Court to enter judgment

declaring that Plaintiff holds full legal and equitable title to the Mortgaged Property free and clear of any claims to the contrary asserted by Defendant. (Compl. at 8.)

Plaintiff repeatedly attempted to modify the Mortgage Loan with the Loan servicer (nonparty Bank of America, N.A.) without success. (Compl., ¶ 14.) Plaintiff currently remains in possession of the Mortgaged Property, a foreclosure sale of the Mortgaged Property has not yet occurred, and has not been scheduled. (*Id.* at ¶ 15.)

This matter comes before the Court on Defendant's motion to dismiss for failure to state a claim. Plaintiff has not filed a response.

The Court finds that the facts and legal arguments are adequately presented in the parties' pleadings and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), it is hereby ORDERED that Defendant's motion to dismiss [4] be resolved as submitted, and the hearing previously scheduled for Defendant's motion on October 10, 2012 is hereby CANCELLED.

For the reasons stated below, this Court GRANTS Defendant's motion to dismiss.

**I.    Motion to Dismiss Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). "A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. In addition, documents not attached to the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (internal quotation marks and citations omitted).

## II. Analysis

Plaintiff's complaint fails to state a claim for relief in the form of quiet title. As the Sixth Circuit recently observed, "'quiet title' is not a separate cause of action, but rather, it is a remedy." *Shaya v. Countrywide Home Loans, Inc.*, No. 11-1484, 2012 WL 1816233, at *4 (6th Cir. May 21, 2012), as amended May 14, 2012.

Under Michigan law, the plaintiff bears the burden of proof and must establish a prima facie case of title. *Estate of Jerry Malloy v. PNC Bank*, No. 11-12922, 2012 WL 176143, *8 (Jan. 23, 2012). Plaintiff has not and cannot meet this burden. His claim of title to the Mortgaged Property is founded upon allegations that the assignment of the Mortgage Loan to Defendant was invalid. (Compl., ¶¶ 8-13.) Plaintiff, however, is not a party to that challenged assignment and thus lacks standing to bring a quiet title or any other claim that questions the validity of that assignment. *Id.* at *5 (citing and quoting *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010), *cert. denied*, ___ U.S. ___, 131 S. Ct. 1696 (2011)). Moreover, even if he did have standing to challenge the assignment generally, Plaintiff is not a party to or third-party

beneficiary of the Pooling and Servicing Agreement ("PSA") that he claims was breached and thus lacks standing to assert a claim that any breach of the PSA rendered the assignment null and void. *Id.* (citing and quoting *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 747-48 (E.D. Mich.), *aff'd*, 399 F. App'x 97 (6th Cir. 2010), *cert. denied*, ___ U.S. ___, 131 S. Ct. 1696 (2011)). *See also Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 WL 1050069, *6 (E.D. Mich. Mar. 28, 2012). Finally, because Plaintiff does not and cannot allege that he is at risk of paying the same Mortgage Loan debt twice, he cannot raise a defense that would render the challenged assignment invalid, ineffective, or void. *See Livonia Props. Holdings*, 399 F. App'x at 102.

### III. Conclusion

For the above-stated reasons, Defendant's motion is GRANTED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 25, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager